UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 2:16-cv-0002 |
| v. | § § | |
| GOOGLE INC. | § | JURY TRIAL REQUESTED |
| Defendant. | § § § | |

## COMPLAINT

Plaintiff Mobile Telecommunications Technologies, LLC ("MTel" or "Plaintiff") files this Complaint against Google Inc. ("Google") for infringement of U.S. Patent Nos. 5,809,428 (the "'428 Patent"), 5,754,946 (the "'946 Patent"), 5,581,804 (the "'804 Patent"), and 5,894,506 (the "'506 Patent") pursuant to 35 U.S.C. §271 and alleges as follows:

### THE PARTIES

1.      Plaintiff MTel is a Delaware limited liability company with its principal place of business at 1720 Lakepointe Drive, Suite 100, Lewisville, Texas 75057.

2.      MTel is a wholly owned subsidiary of United Wireless Holdings, Inc. ("United Wireless"). In 2008, United Wireless, through another of its wholly owned subsidiaries, Velocita Wireless, LLC, purchased the SkyTel wireless network, including assets related to SkyTel's more than twenty-year history as a wireless data company. Velocita Wireless, LLC, continued to operate the SkyTel wireless data network after the acquisition. As a result of that transaction, United Wireless gained ownership and control over the business, operations and intellectual property portfolio, including patents developed by the SkyTel-related entities, including Mobile Telecommunication Technologies Corp. ("MTel Corp."). United Wireless subsequently assigned certain patent assets, including the Patents-in-Suit, together with all rights

of recovery related to those patent assets, to its wholly owned subsidiary, MTel, which is the licensing division of United Wireless and the plaintiff here.

3.      MTel Corp. was a pioneer of two-way wireless data communications and in 1995 launched the first nationwide two-way wireless data messaging service, dubbed SkyTel 2-Way. Prior to that launch, in 1993, MTel Corp. received a Pioneer Preference award from the Federal Communications Commission for technological achievement in developing its wireless data network.

4.      Upon information and belief, Google is a corporation organized and existing under the laws of the State of Delaware, which has a regular and established place of business in Texas.  Google may be served with process through its registered agent, Corporation Service Company d/b/a CSC, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

6.      Venue lies in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d) and 1400(b).  Google has transacted business in this district and on information and belief has committed acts of infringement in this District.

7.      This Court has personal jurisdiction over Google under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.  Defendant Google has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by promoting products or services, by selling products or services, or offering to sell products or services, for example via the internet, which is accessible to and accessed by residents of this District.  Google maintains at least two offices in Texas, including

one in Austin, Texas and another in Dallas, Texas and sells and promotes the sales of its products and services in consumer retail locations throughout Texas, including in this District. Google uses or induces others to use its products or services in Texas, including in this District, that infringe the '428 Patent, the '946 Patent, '804 Patent and the '506 Patent, or knowingly contributes to infringement of the '428 Patent, the '946 Patent, '804 Patent and the '506 Patent. Thus venue is proper in this District.

### THE PATENTS-IN-SUIT

8.     On Tuesday, September 15, 1998, the United States Patent and Trademark ("USPTO") duly and legally issued United States Patent No. 5,809,428, titled "Method and Device for Processing Undelivered Data Messages in a Two-Way Wireless Communications System," after a full and fair examination. A true and correct copy of the '428 Patent is attached hereto as <u>Exhibit A</u>. Plaintiff is the assignee of all right, title, and interest in and to the '428 Patent and possesses the exclusive right of recovery under the '428 Patent, including the exclusive right to recover for past and future infringement of the '428 Patent. The '428 Patent is valid and enforceable.

9.     The '428 Patent was found valid and infringed at trial against Apple Inc. in this District.[1]

10.     The '428 Patent describes and claims, among other things, methods, systems, and devices for storing undeliverable messages, such as e-mail messages.

11.     On Tuesday, May 19, 1998, the USPTO duly and legally issued United States Patent No. 5,754,946 titled "Nationwide Communication System," after a full and fair examination. A true and correct copy of the '946 Patent is attached hereto as <u>Exhibit B</u>. Plaintiff is the assignee of all right, title and interest in and to the '946 Patent and possesses the exclusive

---

[1]     Case 2:13-cv-00258-RSP (D.I. 65 Verdict Form) 11/17/14 (<u>Exhibit E</u>).

right of recovery under the '946 Patent, including the exclusive right to recover for past and future infringement of the '946 Patent.

12.    The '946 Patent describes and claims, among other things, devices and networks that provide for the transmission of unreceived portions of a message.

13.    The '946 Patent is valid and enforceable.  The '946 Patent was found valid and infringed at trial against Apple Inc. in this District.[2]

14.    On Tuesday, December 3, 1996, the USPTO duly and legally issued United States Patent No. 5,581,804 titled "Nationwide Communications System," after a full and fair examination.  A true and correct copy of the '804 Patent is attached hereto as Exhibit C.  Plaintiff is the assignee of all right, title and interest in and to the '804 Patent, including the exclusive right to recover for past and future infringement of the '804 Patent.  The '804 Patent is valid and enforceable.

15.    The '804 Patent discloses and claims, *inter alia*, methods and systems for providing two-way communication of messages between a central network and a mobile unit over a relatively large area, and more particularly to such methods and systems for communicating messages which allow for rapid communication of large messages and efficient use of system resources.

16.    On Tuesday, April 13, 1999, the USPTO duly and legally issued United States Patent No. 5,894,506 titled "Method and Apparatus for Generating and Communicating Messages Between Subscribers to an Electronic Messaging Network," after a full and fair examination.   A true and correct copy of the '506 Patent is attached hereto as Exhibit D.  Plaintiff is the assignee of all right, title and interest in and to the '506 Patent, including the

---

[2]    Case 2:13-cv-00258-RSP (D.I. 65 Verdict Form) 11/17/14 (Exhibit E).

exclusive right to recover for past and future infringement of the '506 Patent.  The '506 Patent is valid and enforceable.

17.    The '506 Patent was found valid at trial against Apple Inc. in this District.[3]

18.    The '506 Patent discloses and claims, *inter alia*, an electronic messaging network comprising a network operations center and message terminals, including memory for storing corresponding files of canned messages and associated message codes, which improves message compression and conserves communications link capacity.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

19.    Plaintiff reincorporates by reference Paragraphs 1 through 18 as though fully restated herein.

20.    Google, without authorization or license, has been and is now directly infringing, literally or under the doctrine of equivalents, one or more claims of the '428 Patent, the '946 Patent, the '804 Patent, and the '506 Patent (together, the "Patents-in-Suit") in violation of 35 U.S.C. §271 as stated below.  Google's infringement has been and will continue to be willful at least since its knowledge of the Patents-in-Suit.

21.    On November 17, 2014, MTel received a favorable jury verdict in *Mobile Telecomms. Techs., LLC v. Apple* No. 2:13-CV-258-RSP (E.D. Tex.).  *See* Verdict attached as Exhibit E.  The jury in that case found the features of accused Apple devices infringed some of the same Patents-in-Suit asserted here.  Google's messaging devices and messaging services on information and belief contain similar features and perform similar functions as those found to be infringing in *Mobile Telecomms. Techs., LLC v. Apple*.

22.    On December 31, 2012, MTel sent Motorola Mobility, Inc. by Certified mail a letter (Exhibit F) alerting Motorola Mobility, Inc. to patent infringement and offering a patent

---

[3]    Case 2:13-cv-00258-RSP (D.I. 65 Verdict Form) 11/17/14 (Exhibit E).

license.  Motorola Mobility, Inc. responded early the next year.  Motorola Mobility, Inc. did not deny infringement.  Google had purchased Motorola Mobility, Inc. in early 2012 and retained it until October 2014 before selling most of it to the Chinese.  Thus, Google owned Motorola Mobility, Inc. at the time MTel put Google (Motorola Mobility) on notice of its infringement of an identified claim of an identified patent owned by MTel.

**FIRST CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 5,809,428)**

23.    Plaintiff MTel reincorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

24.    Each and every claim of the '428 Patent is valid and enforceable and each claims enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims. 35 U.S.C. § 282.

25.    Google, without authorization or license, has been and is now directly infringing, literally or under the doctrine of equivalents, Claims 1-3 and Claims 8-10 of the '428 Patent in violation of 35 U.S.C. §271.  Google and all end-users of Google's networks and software, including Google's messaging applications, as well as messaging applications for use on Google networks, desktop software, mobile messaging software, or mobile operating systems are direct infringers of the '428 Patent.

26.    Google and its end users have directly infringed, literally or under the doctrine of equivalents, and will continue to directly infringe Claims 1-3 and 8-10 of the '428 Patent by making, using, selling, offering to sell, or importing into the United States applications and by offering messaging services "Google Messaging Services."  Google Messaging Services include, by way of example only, Google Messenger, Google Cloud Messaging ("GCM"), Google Talk, Google Hangouts, Google Talk Chat and XMPP, GTalkShare, GTalkSMS, GTalkSMS Donate

that embody or practice Claims 1-3 or 8-10 of the '428 Patent.[4] These Google Messaging Services are often preinstalled or updated on the mobile devices before delivery to the end-user, or these Google Messaging Services are provided by or through Google, including by way of example, through the Google Play Store.

27.    Google and its end users also have directly infringed, literally or under the doctrine of equivalents, and will continue to directly infringe Claims 1-3 and Claims 8-10 by providing for use with Google Messaging Services servers or other networking components (e.g., XMPP (or similar protocol)-compliant servers or other networking components).

28.    The manufacture, use, sale, offer to sale, or importation of the Google Messaging Services directly infringes the apparatus Claims 1-3 of the '428 Patent.

29.    On information and belief, the operation of Google Messaging Services on wireless devices includes the use of a network operations center for transmitting and receiving messages to and from a wireless mobile unit.

30.    On information and belief, the operation of Google Messaging Services on wireless devices includes the use of a means for transmitting messages to a mobile unit.

31.    On information and belief, the operation of Google Messaging Services on wireless devices includes the use of means for receiving acknowledgment messages from a mobile unit.

32.    On information and belief, the operation of Google Messaging Services on wireless devices includes the use of a means for determining whether an acknowledgment message is an acknowledgment to a data message or an acknowledgment to a probe message.

---

[4]    See also Alistair Barr, Tech, Wall Street Journal, Dec. 22, 2015, Google Plans New, Smarter Messaging App http://www.wsj.com/articles/google-plans-new-smarter-messaging-app-1450816899 ("Users will be able to text friends or a chatbot that will scour the Web and other sources to answer a question.") (last visited Dec. 23, 2015).

33.    On information and belief, the operation of Google Messaging Services on wireless devices includes the use of a means for transmitting a probe message to the mobile unit if, after transmitting a data message to the mobile unit, no data acknowledgment message is received.

34.    On information and belief, the operation of Google Messaging Services on wireless devices includes the use of a means for marking a data message as undelivered.

35.    On information and belief, the operation of Google Messaging Services on wireless devices includes the use of a means for storing an undelivered data message if, after transmitting a probe message to a mobile unit, no probe acknowledgment message is received.

36.    On information and belief, the operation of Google Messaging Services on wireless devices may include the use of a means for receiving registration messages from a mobile unit.

37.    On information and belief, the operation of Google Messaging Services on wireless devices may include the use of a means for automatically transmitting undelivered data messages to a mobile unit upon receiving a registration message from the mobile unit.

38.    On information and belief, the operation of Google Messaging Services on wireless devices may include the use of a means for allowing dial-in access to undelivered data messages by a subscriber to retrieve an undelivered data message.

39.    On information and belief, the operation of Google Messaging Services includes the processing of data messages that cannot be successfully transmitted from a network operations center to a wireless mobile unit.

40.    On information and belief, the operation of Google Messaging Services includes the transmitting of data messages from a network operations center to a mobile unit.

41.     On information and belief, the operation of Google Messaging Services includes receiving at a network operations center a data acknowledgment message from a mobile unit that acknowledges receipt of the data message sent by the network operations center.

42.     On information and belief, the operation of Google Messaging Services includes transmitting a probe message from a network operations center to a mobile unit if, after transmitting a data message to a mobile unit, no data acknowledgment message is received at the network operations center.

43.     On information and belief, the operation of Google Messaging Services includes marking at a network operations center a data message as undelivered if, after transmitting a probe message to a mobile unit, no probe acknowledgment message is received at the network operations center.

44.     On information and belief, the operation of Google Messaging Services may include storing at a network operations center an undelivered data message.

45.     On information and belief, the operation of Google Messaging Services may include transmitting undelivered data messages from a network operations center to a mobile unit upon receiving at the network operations center a registration message from the mobile unit.

46.     On information and belief, the operation of Google Messaging Services may include giving users remote access to the stored messages.

47.     MTel gave Google actual notice of infringement of an identified patent claim of an identified MTel patent in 2012.  Google has knowledge of the '428 Patent and acts and will continue to act with an objectively high likelihood that its actions constitute infringement of that valid patent.  Such infringement demonstrates a deliberate and conscious decision to infringe, or at least a reckless disregard of MTel's patent rights, entitling MTel to up to treble damages.  The

Google Messaging Services have no substantial non-infringing use other than to operate as claimed in the '428 Patent.

## SECOND CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 5,754,946)

48.     Plaintiff MTel reincorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

49.     Each and every claim of the '946 Patent is valid and enforceable and each claim enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims.  35 U.S.C. §282.

50.     Google, without authorization or license, has been and is now directly infringing, literally or under the doctrine of equivalents, Claims 1-4 and 7-9 of the '946 Patent, in violation of 35 U.S.C. §271.

51.     Google and its end users have directly infringed, literally or under the doctrine of equivalents, and will continue to directly infringe Claims 1-4 and 7-9 of the '946 Patent by making, using, selling, offering to sell, or importing into the United States applications and by offering messaging services "Google Messaging Services."  Google Messaging Services include, by way of example only, Google Messenger, Google Cloud Messaging ("GCM"), Google Talk, Google Hangouts, Google Talk Chat and XMPP, GTalkShare, GTalkSMS, GTalkSMS Donate that embody or practice Claims 1-4 and 7-9 of the '946 Patent.  These Google Messaging Services are often preinstalled or updated on the mobile devices before delivery to the end-user, or these Google Messaging Services are provided by or through Google, including by way of example, through the Google Play Store.

52.     Google and its end users have directly infringed, literally or under the doctrine of equivalents, and will continue to directly infringe Claims 1-4 and 7-9 by providing for use with

Google Messaging Services servers or other networking components (e.g., XMPP (or similar protocol)-compliant servers or other networking components).

53.     By way of example only, Google and end users, directly infringe Claims 1-4 and 7-9 of the '946 Patent in violation of 35 U.S.C. §271, literally or under the doctrine of equivalents, through use of the aforementioned Google Messaging Services on any of the following devices and mobile units, including by way of example only:[5] all models and versions of Google's tablet and mobile devices, Nexus 4, Nexus 5, Nexus 6, Nexus 7, HTC One, HTC One V, HTC One M8, HTC One E8, HTC One Max, Samsung Galaxy Note 3, Samsung Galaxy Note 4, Samsung Galaxy S II, Samsung Galaxy S III, Samsung Galaxy S III mini, Samsung Galaxy S 4, Samsung Galaxy S 4 Mini, Samsung Galaxy S 4 Zoom, Samsung Galaxy S 5, Samsung Galaxy S 5 Sport, Samsung Galaxy Mega, Samsung Galaxy Mega 2, Samsung Galaxy Alpha, Samsung Galaxy Note Edge, Samsung Galaxy Rugby Pro, Samsung Galaxy Light, Samsung Galaxy Exhibit, Samsung Galaxy Avant, Samsung Galaxy Note, Samsung Galaxy Tab, Samsung Galaxy Tab S, Samsung Galaxy Ring, Samsung Galaxy Victory, Kyocera Duraforce, Kyocera HydroVibe, Kyocera Brigadier, Kyocera Rise, Sonim XP6, HTC Desire, HTC Desire 510, HTC Desire 610, HTC Desire 612, HTC Desire 816, HTC Desire EYE, LG G Vista, LG G2, LG G3 Vigor, LG G Flex, LG Optimus L90, LG Optimus F3, LG Optimus F3Q, LG Optimus F6, LG Optimus G Pro, LG Splendor, LG G Pad, LG Lucid 3, LG Enact, LG Spectrum 2, LG Volt, LG Tribute, LG Realm, Virgin Mobile Awe, Virgin Mobile Supreme, Virgin Mobile Reef, NEC Terrain, Sharp AQUOS Crystal, ZTE ZMAX, Sony Xperia Z, Sony Experia Z3, Sony Experia Z3v, ALCATEL ONETOUCH Fierce 2, ALCATEL ONETOUCH Evolve 2, ALCATEL ONETOUCH Shockwave, T-Mobile Prism II, Huawei Ascend, Asus Nexus Player, Google

---

[5]     This list is not, and is not intended to be, exhaustive.  Any wireless device that has the capability of operating any of the Google Messaging Services has the potential to be an instrument of infringement of Claims 1-4 and 7-9 of the '946 Patent.

Chromecast, G Watch, G Watch R, Gear Live, SmartWatch 3, and Asus ZenWatch. These are offered merely as exemplary.

54.    On information and belief, the operation of Google Messaging Services on wireless devices includes a means for receiving a radio frequency message from the network.

55.    On information and belief, the operation of Google Messaging Services on wireless devices includes a display for displaying said message.

56.    On information and belief, the operation of Google Messaging Services on wireless devices includes a switch actuatable to specify a portion of the displayed message for which a user desires retransmission from the communications network.

57.    On information and belief, the operation of Google Messaging Services on wireless devices includes a means for transmitting, only upon actuation of a switch, a signal to a communications network requesting retransmission of a specified portion of a message.

58.    On information and belief, the operation of Google Messaging Services on wireless devices includes a means for receiving a specified portion retransmitted from a communications network and for displaying the received specified portion on a display.

59.    On information and belief, the operation of Google Messaging Services on wireless devices includes a means for detecting errors in a received message, the display including means for highlighting errors when a message is displayed on a display.

60.    On information and belief, the operation of Google Messaging Services on wireless devices includes a means for receiving a radio frequency signal from a communication network including a retransmitted message and an error correcting code.

61.    On information and belief, the operation of Google Messaging Services on wireless devices includes a means for extracting a corrected message from a radio frequency signal.

62.    On information and belief, the operation of Google Messaging Services on wireless devices includes a signal transmitted by the transmitting means indicating to the network that the user has read the message.

63.    On information and belief, the operation of Google Messaging Services on wireless devices includes the use of a communications network for transmitting radio frequency signals to a mobile unit.

64.    On information and belief, the operation of Google Messaging Services on wireless devices includes receiving radio frequency signals from a mobile unit.

65.    On information and belief, the operation of Google Messaging Services on wireless devices includes a mobile unit that has a display.

66.    On information and belief, the operation of Google Messaging Services on wireless devices includes a mobile unit that has a switch to specify a portion of a message for which a user desires retransmission.

67.    On information and belief, the operation of Google Messaging Services on wireless devices includes a means for transmitting radio frequency signals containing a message to a mobile unit.

68.    On information and belief, the operation of Google Messaging Services on wireless devices includes a means for receiving, from a mobile unit, radio frequency signals representing a portion of a message that a user desires to be retransmitted.

69.     On information and belief, the operation of Google Messaging Services on wireless devices includes a means for retransmitting radio frequency signals containing a portion of a message to a mobile unit.

70.     The use by end users of the Google Messaging Services also directly infringe the methods of receiving and transmitting messages at a mobile unit as claims in Claims 7-9 the '946 Patent.

71.     On information and belief, the operation of Google Messaging Services includes receiving at the mobile unit a radio frequency message.

72.     On information and belief, the operation of Google Messaging Services includes displaying a message on the mobile unit.

73.     On information and belief, the operation of Google Messaging Services includes receiving an indication of a portion of a displayed message for which a user desires retransmission.

74.     On information and belief, the operation of Google Messaging Services includes transmitting upon receipt of an indication, a signal requesting retransmission of an indicated portion of a message.

75.     On information and belief, the operation of Google Messaging Services includes receiving a retransmission of an indicated portion of a message.

76.     On information and belief, the operation of Google Messaging Services may include highlighting errors in a message on a mobile unit.

77.     MTel gave Google actual notice of infringement of an identified patent claim of an identified MTel patent in 2012.  Google has knowledge of the '946 Patent and acts and will continue to act with an objectively high likelihood that its actions constitute infringement of that

valid patent.  Such infringement demonstrates a deliberate and conscious decision to infringe, or at least a reckless disregard of MTel's patent rights, entitling MTel to up to treble damages.  The Google Messaging Services have no substantial non-infringing use other than to operate as claimed in the '946 Patent.

**THIRD CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 5,754,804)**

78.    Plaintiff reincorporates by reference Paragraphs 1 through 77 as though fully set forth herein.

79.    Each and every claim of the '804 Patent is valid and enforceable and each claim enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims.  35 U.S.C. §282.

80.    Google, without authorization or license, has been and is now directly infringing, literally or under the doctrine of equivalents, Claims 5-8 and 10 of the '804 Patent in violation of 35 U.S.C. §271, as stated below.

81.    Google and all end-users of Google's messaging devices, equipment, products, or services are direct infringers of the '804 Patent, literally or under the doctrine of equivalents, and will continue to directly infringe Claims 5-8 and 10 of the '804 Patent by making, using, selling, offering to sell, or importing into the United States applications and by offering messaging services, "Google Messaging Services."   Google Messaging Services include, by way of example only, include Google Messenger, Google Cloud Messaging ("GCM"), Google Talk, Google Hangouts, Google Talk Chat and XMPP, GTalkShare, GTalkSMS, GTalkSMS Donate that embody or practice the communication method of Claims 5-8 and 10 of the '804 Patent. These Google Messaging Services are often preinstalled or updated on the mobile devices before

delivery to the end-user, or these Google Messaging Services are provided by or through Google, including by way of example, through the Google Play Store.

82.    Google and its end users have directly infringed, literally or under the doctrine of equivalents, and will continue to directly infringe Claims 5-8 and 10 to the communication method of the '804 Patent by providing for use with Google Messaging Services servers or other networking components (e.g., XMPP (or similar protocol)-compliant servers or other networking components).

83.    On information and belief, the operation of Google Messaging Services includes controlling a mobile transceiver which may communicate with a communication network controlled by a computer.

84.    On information and belief, the operation of Google Messaging Services includes a network including more than one base transmitter for transmitting messages to a mobile transceiver and base receiver for receiving messages from the mobile transceiver.

85.    On information and belief, the operation of Google Messaging Services includes a mobile transceiver that is capable of sending registration signals to be received by a base receiver in a network to allow the network to identify the mobile transceiver's approximate location according to the location of the one or more base receivers that received the registration signals and being capable of sending a message acknowledgment signal when a mobile transceiver receives a message from the network to indicate successful delivery of the message.

86.    On information and belief, the operation of Google Messaging Services includes a network using received registration signals to determine a set of base transmitters to transmit a message to a mobile transceiver.

87.    On information and belief, the operation of Google Messaging Services includes storing in a network a number of registration signals from a mobile transceiver to the network during a first period of time and the number of messages successfully delivered to the mobile transceiver by the network during a period of time.

88.    On information and belief, the operation of Google Messaging Services includes processing a stored number of registration signals and number of messages successfully delivered to evaluate a likelihood that a registration signal from a mobile transceiver will not be used by the network to determine a set of base transmitters.

89.    On information and belief, the operation of Google Messaging Services includes sending a message to a mobile transceiver to disable the mobile transceiver's capability to transmit a registration signal if the likelihood exceeds a selected value.

90.    On information and belief, the operation of Google Messaging Services includes sending a registration signal from a mobile transceiver to a network when the mobile transceiver crosses zonal boundaries and the mobile transceiver's capability to transmit registration signals is enabled.

91.    On information and belief, the operation of Google Messaging Services includes sending a registration signal from a mobile transceiver to a network when the mobile transceiver returns to a coverage area of a communication network after being out of range for a period of time and the mobile transceiver's capability to transmit registration signals is enabled.

92.    On information and belief, the operation of Google Messaging Services includes sending a registration signal from the mobile transceiver to the network when power is first applied to a mobile transceiver and the mobile transceiver's capability to transmit registration signals is enabled.

93.     On information and belief, the operation of Google Messaging Services includes, in a computer controlled communication network for locating a mobile transceiver within a region of space, the region of space being divided into a plurality of zones with each zone serviced by at least one base transmitter and at least one base receiver, the network storing data corresponding to a zone where the mobile transceiver was last known to be located, transmitting a message signal by a base transmitter servicing a zone where the mobile transceiver was last known to be located.

94.     On information and belief, the operation of Google Messaging Services includes, in a computer controlled communication network for locating a mobile transceiver within a region of space, the region of space being divided into a plurality of zones with each zone serviced by at least one base transmitter and at least one base receiver, the network storing data corresponding to a zone where the mobile transceiver was last known to be located, transmitting a systemwide probe signal by a plurality of base transmitters servicing a plurality of zones if the mobile transceiver does not indicate receipt of the message signal from the base transmitter.

95.     On information and belief, the operation of Google Messaging Services includes, in a computer controlled communication network for locating a mobile transceiver within a region of space, the region of space being divided into a plurality of zones with each zone serviced by at least one base transmitter and at least one base receiver, the network storing data corresponding to a zone where the mobile transceiver was last known to be located, receiving the systemwide probe signal by the mobile transceiver.

96.     On information and belief, the operation of Google Messaging Services includes, in a computer controlled communication network for locating a mobile transceiver within a region of space, the region of space being divided into a plurality of zones with each zone

serviced by at least one base transmitter and at least one base receiver, the network storing data corresponding to a zone where the mobile transceiver was last known to be located, transmitting an acknowledgment signal by the mobile transceiver in response to the received systemwide probe signal.

97.     On information and belief, the operation of Google Messaging Services includes, in a computer controlled communication network for locating a mobile transceiver within a region of space, the region of space being divided into a plurality of zones with each zone serviced by at least one base transmitter and at least one base receiver, the network storing data corresponding to a zone where the mobile transceiver was last known to be located, receiving the acknowledgment signal from the mobile transceiver by a base receiver.

98.     On information and belief, the operation of Google Messaging Services includes, in a computer controlled communication network for locating a mobile transceiver within a region of space, the region of space being divided into a plurality of zones with each zone serviced by at least one base transmitter and at least one base receiver, the network storing data corresponding to a zone where the mobile transceiver was last known to be located, updating the data stored in the network to reflect the zone of the base receiver that received the acknowledgment signal as the last known location of the mobile transceiver.

99.     On information and belief, the operation of Google Messaging Services includes, in a computer controlled communication network for locating a mobile transceiver within a region of space, the region of space being divided into a plurality of zones with each zone serviced by at least one base transmitter and at least one base receiver, the network storing data corresponding to a zone where the mobile transceiver was last known to be located, determining

whether failure of the mobile transceiver to receive the message transmitted is likely caused by the mobile unit being located in a weak signal area within a zone.

100.     On information and belief, the operation of Google Messaging Services includes, in a computer controlled communication network for locating a mobile transceiver within a region of space, the region of space being divided into a plurality of zones with each zone serviced by at least one base transmitter and at least one base receiver, the network storing data corresponding to a zone where the mobile transceiver was last known to be located, retransmitting the message signal in the zone where the mobile transceiver was last known to be located using an error correcting code when the network determines that failure of the mobile transceiver to receive the message signal transmitted is likely caused by the mobile unit being located in the weak signal area within a zone.

101.     MTel gave Google actual notice of infringement of an identified patent claim of an identified MTel patent in 2012.  Google has knowledge of the '804 Patent and acts and will continue to act with an objectively high likelihood that its actions constitute infringement of that valid patent.  Such infringement demonstrates a deliberate and conscious decision to infringe, or at least a reckless disregard of MTel's patent rights, entitling MTel to up to treble damages.  The Google Messaging Services have no substantial non-infringing use other than to operate as claimed in the '804 Patent.

## FOURTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 5,894,506)

102.     Plaintiff reincorporates by reference Paragraphs 1 through 101 as though fully set forth herein.

103.    Each and every claim of the '506 Patent is valid and enforceable and each claim enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims.  35 U.S.C. §282.

104.    Google and its end users, without authorization or license, has been and is now directly infringing, literally or under the doctrine of equivalents, Claims 1-7 and Claims 15-21 of the '506 Patent in violation of 35 U.S.C. §271, as stated below.

105.    Google and all end-users of Google's networks and software, including Google's messaging applications, as well as messaging applications for use on Google networks, desktop software, mobile messaging software, or mobile operating systems, including templated messaging services[6] ("Google Messaging Services"), are direct infringers of Claims 1-7 and 15-21 of the '506 Patent.

106.    The use of the Google Messaging Services also directly infringes method Claims 1-7 of the '506 Patent.

107.    On information and belief, the operation of Google Messaging Services for templated messages includes maintaining, at a network operation center, a first file of canned messages and message codes respectively assigned to the canned messages.

108.    On information and belief, the operation of Google Messaging Services for templated messages includes maintaining at a first terminal of a first subscriber a second file of canned messages corresponding to the first file.

109.    On information and belief, the operation of Google Messaging Services for templated messages includes selecting an appropriate canned message from the second file for transmission to a second terminal of a designated second subscriber.

---

[6]    Google Calendar is one example of templated messages.

110.    On information and belief, the operation of Google Messaging Services for templated messages includes sending the message code assigned to the selected canned message to the network operation center.

111.    On information and belief, the operation of Google Messaging Services for templated messages includes retrieving the selected canned message from the first file using the message code received from the first terminal.

112.    On information and belief, the operation of Google Messaging Services for templated messages includes determining whether the second terminal can receive the canned message in a text form or message code form.

113.    On information and belief, the operation of Google Messaging Services for templated messages includes determining communicating the selected canned message to the second terminal in either message code form or text code form in response to the determination.

114.    On information and belief, the operation of Google Messaging Services for templated messages includes updating the first and second canned message files.

115.    On information and belief, the operation of Google Messaging Services for templated messages includes displaying the selected canned message at the second terminal.

116.    On information and belief, the operation of Google Messaging Services for templated messages includes adding a parameter to the canned message selected from the second file.

117.    On information and belief, the operation of Google Messaging Services for templated messages includes sending the added parameter with the assigned message code to the network operation center.

118.    On information and belief, the operation of Google Messaging Services for templated messages includes communicating the added parameter with the selected canned message to the second terminal.

119.    On information and belief, the operation of Google Messaging Services for templated messages includes displaying the selected canned message with the added parameter incorporated therein.

120.    On information and belief, the operation of Google Messaging Services for templated messages includes adding multiple response options to the canned message selected from the second file.

121.    On information and belief, the operation of Google Messaging Services for templated messages includes sending the added multiple response options with the assigned message code to the network operation center.

122.    On information and belief, the operation of Google Messaging Services for templated messages includes communicating the added multiple response options with the selected canned message to the second terminal.

123.    On information and belief, the operation of Google Messaging Services for templated messages includes in the displaying step including the step of displaying the selected canned message together with the added multiple response options.

124.    On information and belief, the operation of Google Messaging Services for templated messages includes selecting one of the multiple response options at the second terminal.

125.    On information and belief, the operation of Google Messaging Services for templated messages includes communicating the selected response option to the network routing the selected response option from the network operation center to the first terminal.

126.    On information and belief, the operation of Google Messaging Services for templated messages includes displaying the selected response option at the first terminal.

127.    On information and belief, the operation of Google Messaging Services for templated messages includes sending the added parameter to the network operation center together with the assigned message code and the multiple response options.

128.    On information and belief, the operation of Google Messaging Services for templated messages includes communicating the selected canned message, multiple response options, and added parameter to the second terminal.

129.    On information and belief, the operation of Google Messaging Services for templated messages includes displaying the selected canned message, added parameter, and multiple response options.

130.    On information and belief, the operation of Google Messaging Services for templated messages includes correspondingly updating the first and second canned message files.

131.    The practice of Google Messaging Services also directly infringes apparatus Claims 15-21 of the '506 Patent.

132.    On information and belief, the operation of Google Messaging Services for templated messages includes a memory storing a file of canned messages in text form, each canned message having a unique, abbreviated message code assigned thereto.

133.    On information and belief, the operation of Google Messaging Services for templated messages includes a receiver for receiving a message code from a calling terminal included in the network.

134.    On information and belief, the operation of Google Messaging Services for templated messages includes a means responsive to the received message code for retrieving from the memory the canned message assigned thereto.

135.    On information and belief, the operation of Google Messaging Services for templated messages includes a means for determining whether a receiving terminal in the network can receive the canned message in text form or message code form.

136.    On information and belief, the operation of Google Messaging Services for templated messages includes a transmitter for transmitting the retrieved canned message in text form or message code form in response to the determining means.

137.    On information and belief, the operation of Google Messaging Services for templated messages includes a means routing the received message code directly to the transmitter upon determination that the receiving terminal can receive the canned message in message code form.

138.    On information and belief, the operation of Google Messaging Services for templated messages includes a means for updating the canned message file stored in the memory and a corresponding canned message file stored in a memory in at least the calling terminal.

139.    On information and belief, the operation of Google Messaging Services for templated messages includes a memory that stores a separate file of canned multiple response options having response codes respectively assigned thereto.

140.    On information and belief, the operation of Google Messaging Services for templated messages includes a responsive means further including means for retrieving from the memory those canned multiple response options assigned to response codes received from the calling terminal by the receiver, the retrieved canned message and multiple response options being transmitted to the receiving terminal by the transmitter.

141.    On information and belief, the operation of Google Messaging Services for templated messages includes a network operation center further including means for routing a selected canned multiple response option received from the receiving terminal to the calling terminal in either text or response code form.

142.    On information and belief, the operation of Google Messaging Services for templated messages includes a memory storing a file of canned messages and message codes respectively assigned thereto and a file of canned multiple response options and response codes respectively assigned thereto.

143.    On information and belief, the operation of Google Messaging Services for templated messages includes a means for retrieving the file of canned messages and the file of canned multiple response options from the memory.

144.    On information and belief, the operation of Google Messaging Services for templated messages includes a display for displaying the canned messages and the multiple response options in the retrieved file.

145.    On information and belief, the operation of Google Messaging Services for templated messages includes a means for selecting one of the canned messages and at least one of the multiple response options appropriate for the selected canned message for communication to a designated other message terminal.

146.    On information and belief, the operation of Google Messaging Services for templated messages includes a transmitter for transmitting the message code assigned to the selected canned message and the response code assigned to the at least one multiple response option over a communications link of the network.

147.    On information and belief, the operation of Google Messaging Services for templated messages includes a message terminal further including means for adding parameters to the selected canned message for inclusion with the assigned message code transmitted over the communications link.

148.    On information and belief, the operation of Google Messaging Services for templated messages includes a memory storing a file of canned messages, and message codes respectively assigned thereto and a file of canned multiple response options and response codes respectively assigned thereto.

149.    On information and belief, the operation of Google Messaging Services for templated messages includes a means for retrieving the file of canned messages and message codes from the memory.

150.    On information and belief, the operation of Google Messaging Services for templated messages includes a display for displaying the canned messages in the retrieved file.

151.    On information and belief, the operation of Google Messaging Services for templated messages includes a means for selecting one of the canned messages for communication to a designated other message terminal and for selecting multiple response options appropriate for the selected canned message.

152.    On information and belief, the operation of Google Messaging Services for templated messages includes a message compiler for compiling the assigned message code and

the response codes assigned to the selected multiple response options into a message for transmission by the transmitter.

153.    On information and belief, the operation of Google Messaging Services for templated messages includes a transmitter for transmitting the message code assigned to the selected canned message over a communications link of the network.

154.    MTel gave Google actual notice of infringement of an identified patent claim of an identified MTel patent in 2012.  Google has knowledge of the '506 Patent and acts and will continue to act with an objectively high likelihood that its actions constitute infringement of that valid patent.  Such infringement demonstrates a deliberate and conscious decision to infringe, or at least a reckless disregard of MTel's patent rights, entitling MTel to up to treble damages.  The Google Messaging Services have no substantial non-infringing use other than to operate as claimed in the '506 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    That Google be adjudged to have consciously and willfully infringed one or more of the Patents-in-Suit, directly and indirectly, by way of inducement or contributory infringement, literally or under the doctrine of equivalents;

B.    That Google, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the Patents-in-Suit;

C.    That Plaintiff be awarded damages sufficient to compensate Plaintiff for Google's infringement, pursuant to 35 U.S.C. §284;

D.    That Google be directed to pay Plaintiff pre-judgment and post-judgment interest and costs for Plaintiff bringing this lawsuit, in accordance with 35 U.S.C. §284;

E.    That Google be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

F.    That Plaintiff receive such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of any and all issues triable of right before a jury.

Dated:  January 4, 2016

Respectfully Submitted,

*/s/ Daniel R. Scardino*
Daniel R. Scardino
Texas State Bar No. 24033165
Craig S. Jepson
Texas State Bar No. 24061364
Raymond W. Mort
Texas State Bar No. 00791308
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
cjepson@reedscardino.com
rmort@reedscardino.com

ATTORNEYS FOR PLAINTIFF
MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC